## VANCE AND BRO. v. JESSE GEIB.

See this case for testimony which was held to have fully warranted the judge to whom the cause was submitted without a jury, in finding that a note which had been indorsed to a mercantile firm, was indorsed for collection, and not as an absolute transfer.

A mercantile firm is not authorized to apply money deposited in their hands generally without any specific direction as to its application, to the payment of a note executed by the depositor, which had been indorsed by the holder to them for collection; but the money so deposited, is subject in their hands to garnishment in an attachment suit against the depositor.

APPEAL from Bexar. Tried below before the Hon. Thomas J. Devine.

The appellee, Jesse Geib, sued out a writ of attachment against Myers and Johnson, and garnisheed the appellants, William and James Vance.

The petition was based on three notes executed by Myers and Johnson, and payable to the order of Jesse Geib; the first, for $108, due Oct. 26, 1859; the second, for $174 42, due Nov. 5, 1859; and the third, for $180 30, due Nov. 22, 1859.

The writs of garnishment were executed on the 19th day of April, 1860. On the 3d day of September, 1860, the garnishees

filed their answers, saying, "that the firm of Vance & Brother, composed of James Vance and William Vance, are indebted to the defendants in the sum of one hundred and eighty-one 34-100 dollars; that neither he nor they have any effects in his or their possession, nor had at the time of the serving of the garnishment; and that they knew of no other credits and effects in the hands of any other person."

The plaintiff, under oath, controverted the answers of garnishees. A jury was waived, and the cause submitted to the court. The court rendered judgment againt the defendants for $494 90. On the trial of the issues between the plaintiff and garnishees, the plaintiff proved that one John Dunlap, on the 19th day of April, 1860, deposited with the garnishees $513 13 for Myers and Johnson, for which they gave a receipt as follows:

"$513 45.

"Received, San Antonio, April 19th, 1860, from Mr. John Dunlap, five hundred and thirteen 45–100 dollars on account of Messrs. Johnson & Myers.　　　　"VANCE & BRO.

"Per R. Eagan."

R. Eagan, for garnishees, testified, that he was the book-keeper for Vance and Bro., and wrote the receipt specified; that it is their custom, when a deposit was made, to so state in the receipt, and when money was paid on account, to so state it; that when the money mentioned by the witness Dunlap was paid, that they had a claim against Myers and Johnson in the nature of a note; which note was produced and read by the witness, as follows, to wit:

"$327 95.　　　　　　　"Fort Clark, February 22d, 1860.

"One day after date, we or either of us, promise to pay Mrs. E. M. Brackett, or order, the sum of three hundred and twenty-seven dollars and ninety-five cents, for value received.

"MYERS & JOHNSON."

Upon which note were the following indorsements:

"Pay to John Dunlap, or order.

"E. M. BRACKETT.

"By Amb. Zimmerman, agent."

18*

" Pay to Mrs. E. W. Brackett, or order.

"JOHN DUNLAP, Agent."

."Pay Vance and Bro., or order.

"EMILY M. BRACKETT."

Eagan further testified, that the note came into the hands of Vance and Bro.. from Mrs. Brackett, and was transferred to them by indorsement.

On cross-examination, he testified that the note was not credited to Mrs. Brackett until after the payment of the money by Dunlap; that no entry was made of it in the main books of Vance and Bro., or in the account of Mrs. Brackett until after said money was paid; that an entry or memorandum of the note was made in a small bill-book kept for that purpose; that if the money had not been paid in to Vance & Bro., or if Myers and Johnson had become insolvent, and they believed that they would not pay the money, they would not have given Mrs. Brackett the goods on the note; they took the note because they heard that Myers and Johnson were going to have money paid to them from two sources, and because Mrs. Brackett indorsed the note; if she had not indorsed it, it would not have been taken. Vance and Bro. did not give any credit to Myers & Johnson, but gave it to Mrs. Brackett on the indorsement. At the time Vance and Bro. received this note, and at the time the money was paid, they had no account against Myers and Johnson, and no other claim except this; Mrs. Brackett had an account with Vance and Bro. before they got this note. Here the witness produced a copy of the account between Vance and Bro. and Mrs. Brackett, which he testified was correct as to items, dates and amounts, and a true copy from their books; which was read in evidence by the plaintiff. This account consisted of sundry articles of merchandize purchased in the years 1859 and in 1860, amounting to $375 26, upon which there were the following credits: "1860, April 19, by Johnson and Myers note, $327 95; interest on same, $4 16;" and some other small credits, amounting in all to $324 76, leaving a balance of $40 50, due Vance & Bro. Eagan further testified, that the note was credited to Mrs. Brackett, as stated in the account; Vance and Bro. received the note about

one month previous to the payment of the money; if there were any understanding between Vance and Bro. and Mrs. Brackett, to the effect that they would collect the note for her if they could, and if not, she was to take it back, witness did not know it.

Dunlap, being recalled, testified that he once had the note in his hands to collect for Mrs. Brackett, but Myers refused to pay it, as the account between him and her had not been settled according to agreement.    Myers and Johnson gave him directions to pay over the money to Vance & Bro. before the note was made. The writ of garnishment was served by the sheriff on Vance & Bro. while witness was counting out the money; the money was on the table when the officer came with the writ; witness told the sheriff that he had nothing more to do with the money; that he had paid it over to Vance & Brother.

The court rendered a judgment against the garnishees for $398 75.    A motion for new trial was overruled, and the garnishees appealed.

*Wilcox & Leigh,* for appellants.—The attaching creditor has no greater remedy against the garnishees than the defendants, and is not permitted to place them in any worse condition than they would occupy, if sued by the defendants. (Drake on Attachments, § 696.)    The garnishees may avail themselves of any set-off which they may have against the defendants. (Ibid., § 703.)    In this case, the garnishees had bought the note, (this is admitted by the judge, in allowing them the $115 20 paid before the service of the garnishments,) and therefore could clearly avail themselves of it as a set-off; but admitting that they were not the real·owners, and that it had been transferred to them for collection only, it was equally as available to them as a set-off.    (Thomas v. Young, 5 Tex. Rep., 253.)

The court erred in adjudging costs against the garnishees. (Speaker v. Kinsy, 17 Tex. Rep., 301.)    The judgment should have directed that the amount condemned, when paid, should be a bar against Myers and Johnson.    (Ibid., 301.)

BELL, J.—We are of opinion, that there is no error in the

judgment of the court below. The testimony of the book-keeper of the appellant, we think, fully warranted the judge, to whom the cause was submitted without a jury, in finding that the note payable to Mrs. Brackett, had been placed by her in the hands of Vance & Bro. only for collection for her benefit. She was not credited with the note until the money in controversy was paid, and she was then credited with the amount of the note, and the interest due on it to the day of the payment of the money by Myers and Johnson, although it had been indorsed to Vance & Bro. at least one month previously.

The judgment of the court below is affirmed.

Judgment affirmed.